**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

MARIA V. CHESHIRE,

        Plaintiff,

vs.                                  Case No. 3:05-cv-1162-J-32MMH

SANDRA K. HAAS,

        Defendant.

## ORDER[1]

This case is before the Court on defendant's amended motion to dismiss. (Doc. 16.) Pro-se plaintiff, Maria Cheshire, a Russian immigrant living in the United States under permanent resident status, filed her complaint against defendant, Sandra Haas, an attorney representing plaintiff's ex-husband, Walter Cheshire, in an action by plaintiff against Mr. Cheshire also pending in this Court. (Doc. 1.) Plaintiff's complaint appears to raise legal malpractice and fraud claims against defendant. (Doc. 1.) Defendant filed an amended motion to dismiss (Doc. 16) arguing that the Court lacks subject matter jurisdiction over legal malpractice claims (Doc. 16, ¶ 2) and that plaintiff is an improper party to bring suit against defendant for legal malpractice because plaintiff has never been defendant's client

---

[1]Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

(Doc. 12, ¶¶ 5, 6). Plaintiff filed a response in opposition. (Doc. 20.)

In federal court, subject matter jurisdiction can be found under either federal question jurisdiction, 28 U.S.C. § 1331, or diversity jurisdiction, 28 U.S.C. § 1332. United States district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal question jurisdiction is raised when a plaintiff alleges "a violation of his constitutional rights or a right created under federal law." Haynes v. Sacred Heart Hosp., 149 F. App'x 854, 855 (11th Cir. 2005). Plaintiff's complaint, alleging only state law legal malpractice and fraud claims (Doc. 1), fails to assert a violation of a right created by federal law, and thus federal question jurisdiction is not implicated. See Ray v. Tenn. Valley Auth., 677 F.2d 818, 825 (11th Cir. 1982) (finding legal malpractice claim did not present question of federal law).

Even when federal question jurisdiction is lacking, United States district courts have original jurisdiction over civil matters in which the amount in controversy exceeds $75,000 and parties are of diverse citizenship. 28 U.S.C. § 1332(a). Though defendant does not raise diversity jurisdiction as a basis for arguing the Court's lack of subject matter jurisdiction (see Doc. 16), because federal courts are courts of limited jurisdiction, the Court must inquire into its subject matter jurisdiction even if the parties have not challenged it. Rembert v. Apfel, 213 F.3d 1331, 1333-34 (11th Cir. 2000). Pursuant to the federal diversity

statute, diversity exists between "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). As plaintiff is a Russian citizen and defendant is a citizen of Florida, an apparent basis exists for diversity jurisdiction under § 1332(a)(2). However, "an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled." 28 U.S.C. § 1332(a). Since plaintiff has been admitted as a permanent resident of the United States (see Doc. 1 at 2), she is also considered a citizen of Florida, the state in which she is domiciled (see Doc. 1 at 2), for diversity jurisdiction purposes pursuant to 28 U.S.C. § 1332(a). Cf. Foy v. Schantz, Schatzman & Aaronson, P.A., 108 F.3d 1347,1348-50 (11th Cir. 1997) (finding subject matter jurisdiction based on complete diversity, where Australian citizen, who resided in Florida but had not been granted permanent resident status, brought legal malpractice action against Florida law firm); Stirzaker v. Howard, No. 3:00cv1350J20TJC, 2001 WL 1090198, at *1 (M.D. Fla. Aug. 30, 2001) (finding complete diversity in suit by plaintiffs, citizens of United Kingdom living in Florida, against Florida attorney and law firm, where plaintiffs had not established legal permanent residency at time action was commenced). As both plaintiff and defendant are alleged to be Florida residents, the Court's diversity jurisdiction is not implicated. (Doc. 1.)

Therefore, finding that the plaintiff's complaint does not present any federal question and that there is no foundation to invoke the Court's diversity jurisdiction, the Court can ascertain no basis for this suit to have been brought in federal court. Accordingly, it is hereby

**ORDERED**:

1. Defendant's amended motion to dismiss (Doc. 16) is **GRANTED**.

2. Plaintiff's complaint (Doc. 1) is **DISMISSED without prejudice** for lack of subject matter jurisdiction. The Clerk is directed to terminate all pending motions and close the file.

**DONE AND ORDERED** at Jacksonville, Florida this 10th day of March, 2006.

_____
TIMOTHY J. CORRIGAN
United States District Judge

m.
Copies:
pro se plaintiff
counsel of record